UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

PETER JOHN GRZESKOWIAK,

Plaintiff,

v.

KEITH MILLS,

Defendant.

Civil No. 00-1997 (RHK/AJB)

**ORDER**

Plaintiff, a prisoner at the Walsh County Jail in Grafton, North Dakota, has filed a complaint seeking relief under 42 U.S.C. § 1983. He claims that his former parole agent, Defendant Keith Mills, subjected him to cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution. Plaintiff did not pay the $150 filing fee for this action as prescribed by 28 U.S.C. § 1914(a), but instead filed an application seeking leave to proceed in forma pauperis, (IFP), as permitted by 28 U.S.C. § 1915(a). (Docket No. 2.) Thus, the matter is presently before the Court to determine whether Plaintiff should be granted IFP status.

The Court finds that Plaintiff is indigent, and that his IFP application should be GRANTED. This means that Plaintiff will be excused from pre-paying the full filing fee for this action. However, he will be required to pay the unpaid balance of the filing fee -- in this case the full $150 prescribed by 28 U.S.C. § 1914(a) -- in installments, pursuant to 28 U.S.C. § 1915(b)(2). See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("the purpose of the [Prison Litigation Reform Act] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at

FILED AUG 31 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the initiation of the proceeding or in installments over a period of time"). The Clerk of Court shall provide notice of this requirement to the prison authorities at the institution where Plaintiff is confined.

Because IFP status is granted, the Clerk of Court will be directed to issue a summons, and the U.S. Marshal will be directed to effect service of process on the named Defendant. (See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2).) If Defendant is served, he will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this order shall be served with the summons and complaint, so that Defendant will be apprised of his obligation to file a responsive pleading.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action -- namely the full $150 fee prescribed by 28 U.S.C. § 1914(a) -- in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to prison authorities at the institution where Plaintiff is confined;

3. The Clerk of Court shall issue a summons, and the U.S. Marshal shall effect service of process on the named Defendant at the address shown in the Complaint;

4. A copy of this order shall be served with the summons and Complaint; and

5. If service of process is effected on Defendant, he will be required to file a timely response to Plaintiff's Complaint.

Dated: August 31st, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge