**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Peter John Grzeskowiak, Civil No. 00-1997 RHK/AJB

Plaintiff,

v. **REPORT AND RECOMMENDATION**

Keith Mills,

Defendant.

This matter is before the Magistrate Judge[1] on defendant's motion to dismiss plaintiff's complaint pursuant to Fed R. Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted [Docket No. 7]. Alternatively, defendant moves for summary judgment pursuant to Fed R. Civ. P. 56. Plaintiff's claims relate to events which occurred during his release on parole following a term of imprisonment.[2] Defendant Keith Mills is plaintiff's former parole officer. Plaintiff's complaint alleges violation of civil rights under 42 U.S.C. § 1983. He specifically alleges a claim for cruel and unusual punishment under the Eight Amendment, based upon his parole agent's refusing him permission to travel within the state to visit his ailing mother during the time commencing May 1, 2000, until she died on June 26, 2000. As his

---

[1] Plaintiff's response alleges that he has not consented to the Magistrate Judge presiding over this matter. For reasons stated in the Court's Order on Recusal dated October 19, 2000, The Magistrate Judge is not subject to right of removal by a party, and there has been showing of bias or prejudice.

[2] The complaint was filed in United States District Court on August 18, 2000. On the date the complaint was executed, August 9, 2000, the petitioner was incarcerated at the Walsh County Jail in Grafton, North Dakota, on a parole violation.



FILED JAN 24 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

remedy in this matter plaintiff seeks actual damages in the amount of $3,000,000; additional punitive damages; and an permanent injunction barring defendant from serving as a parole agent in Minnesota.

In response to the complaint defendant contends that qualified immunity protects him from suit on the claims being asserted in this case and moves to dismiss. Plaintiff's reply to the motion to dismiss contains mere allegations that he has been denied additional constitutional rights including freedom of religion, speech, association and assembly as guaranteed under the First Amendment; due process under the Fifth and Fourteenth Amendments; and equal protection. For reasons discussed below, it is recommended that the complaint be dismissed with prejudice on immunity grounds.

**Standard of Review**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the court should liberally construe a pro se complaint and should not dismiss claims "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief." Holloway v. Lockhart, 792 F.2d 760, 761-62 (8th Cir. 1986)(citing Conley v. Gibson, 78 S.Ct. 99, 101-02 (1957). A plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985), but the court must presume that factual allegations in the complaint are true and accord reasonable inferences in favor of the non-moving party. Holloway, 792 F.2d at 762.

When matters outside the pleadings are presented with a Rule 12(b) motion, and those matters are not excluded by the court, the motion should be treated as a Fed. R. Civ. P. 56 motion for summary judgment. Summary judgment is appropriate where there is no genuine

issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial responsibility of demonstrating that there is no genuine issue of material fact to be decided. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). When a motion for summary judgment has been made and supported by the pleadings and affidavits as provided in Rule 56(c), the burden shifts to the party opposing the motion to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986). In satisfying this burden, however, the non-moving party must do more than simply establish doubt as to the material facts. The party opposing summary judgment may not "rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Matsushita, 106 S.Ct. at 1355, n.11; Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). Fed. R. Civ. P. 56(e). Pro se pleadings are held to a less stringent standard than attorney drafted pleadings, Haines v. Kerner, 404 U.S. 519, 520-21, 92S.Ct. 594, 596 (1972). However, the plaintiff still must present evidence to defeat a properly supported summary judgment motion and may not rely upon conclusory allegations and unsupported assertions. Dunavant v. Moore, 907 F.2d 77, 80 (8th Cir. 1990).

In this case defendants rely upon written argument, along with exhibits consisting of plaintiff's parole agreement and a supervised release violation report. Plaintiff has submitted a memorandum containing assertions of fact, but provides no additional affidavits or exhibits in support of his opposition to the Rule 12(b)(6) motion to dismiss on qualified immunity grounds. The court has not excluded extraneous evidence from its consideration of the merits of plaintiff's

claims with respect to the immunity defense. Defendant's motion to dismiss the complaint is therefore treated as a motion for summary judgment and all issues of fact, to the extent any exist, will be considered in the light most favorable to the plaintiff's argument in opposition to dismissal.

It may be fairly stated that minimal facts have been offered for the Court's consideration on this motion and plaintiff points to no specific issue of material fact which is in dispute. Plaintiff is a convicted felon and was serving the supervised release portion of his sentence during the time relevant to this case. Plaintiff quite simply and directly contends that Agent Mills was aware of his mother's health condition and that the parole officer would not grant plaintiff permission to travel to see her despite requests which were made beginning May 1, 2000, and continuing until her death on June 26, 2000. Defendant does not dispute that such requests were made and were denied, but asserts that he was acting in his capacity as a parole officer. Defendant further contends that plaintiff, as a paroled prisoner, has no constitutional right to travel, and that under these circumstances plaintiff is immune from liability as a matter of law.

**Immunity Defenses**

Plaintiff in this matter requests actual and punitive damages. He also seeks termination of defendant's employment as a parole officer in Minnesota. Plaintiff's complaint specifies that defendant is sued in his individual/official capacity and that he was acting under color of state law. Defendant Mills is referenced only in his official capacity as plaintiff's parole officer and as an employee of the State of Minnesota. Insofar as plaintiff's claim is against defendant Mills in his official capacity for money damages, he is entitled to Eleventh

Amendment immunity and the claims are thereby precluded. See Hafer v. Melo, 502 U.S. 21, 25-26, 112 S.Ct. 358, 362 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 68-69, 109 S.Ct. 2304, 2312 (1989).

**Qualified Immunity.** Defendant moves to dismiss claims for monetary damages based upon his qualified immunity from civil damages. This Court concludes that defendant is immune from plaintiff's claims for money damages. The Supreme Court has long held that a state officer sued in his or her personal capacity under 42 U.S.C. § 1983, "may assert personal immunity defenses, such as objectively reasonable reliance on existing law." Hafer v. Melo, 502 U.S. at 25; 112 S.Ct. at 362. Thus, government officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known," are shielded from liability for civil damages. Hartley v. Fine, 780 F.2d 1383, 1387 (8th Cir. 1985), citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In the present case, plaintiff's allegation, whether characterized as an Eighth Amendment claim of cruel and unusual punishment or an unconstitutional restriction on the right to travel, cannot survive. Defendant Mills' actions in restricting travel by a person on parole did not violate clearly established statutory or constitutional rights of the plaintiff. Supervised release is conditional and is subject to revocation. As a condition of plaintiff's release from prison he was required to follow the instructions of the supervising agent. While the supervising agent might have exercised his discretion differently, and instructed plaintiff accordingly, the imposition of travel restrictions within the state of Minnesota was not an abuse of discretion and not a violation of the parolee's constitutional rights. Indeed, evidence indicates that grounds for revocation and return to prison

existed, based upon plaintiff's refusal to sign a parole agreement.[3] To the extent that plaintiff's claims are against defendant Mills in his personal capacity for money damages, defendant is entitled to qualified immunity for discretionary acts that were not plainly incompetent and that were not done in knowing violation of the law. See Anderson v. Creighton, 483 U.S. 635, 638, 107 S.Ct. 3034, 3039 (1987); Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096 (1986). Furthermore, with respect to defendant Mills' individual capacity, the complaint and subsequent motion pleadings fail to assert any claim based upon actions outside the scope of defendant's employment, and he is therefore not liable for money damages pursuant to the doctrine of qualified immunity from liability for discretionary acts. In any event, plaintiff offers no facts to support a claim against defendant Mills in his individual capacity. Defendant's motion to dismiss claims for monetary damages against defendant Mills should be granted.

With respect to plaintiff's request that defendant be enjoined from acting as a parole officer in the State of Minnesota, there are no facts or allegations asserted to support such relief and the claim is patently frivolous.

**Factual Insufficiency, Fifth and Fourteenth Amendments**

Plaintiff's memorandum in response to the motion to dismiss alleges violation of First, Fifth and Fourteenth Amendment rights, along with denial of equal protection. Aside from these mere allegations, neither the memorandum nor the complaint presents issues with respect to due process, equal protection, freedom of religion, freedom of speech, and freedom of assembly, and there are no facts before the Court which allow any inferences of a violation of constitutionally protected rights in these areas. These constitutional references in this case do not

[3] Affidavit of James Andreen, Exh. 1.

merit the characterization of claim.

## RECOMMENDATION

Based upon the foregoing discussion, the Magistrate Judge **recommends** that defendant's motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 7] be **granted**, and plaintiff's complaint be dismissed with prejudice.

Dated: 1/24/01

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before February 6, 2001.