**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

PETER JOHN GRZESKOWIAK,

Plaintiff,

v.

KEITH MILLS,

Defendant.

Civil No. 00-1997 (RHK/AJB)

**MEMORANDUM AND ORDER**

This matter is presently before the Court on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 22.) That application will be GRANTED.

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[1]

[1] Individuals who seek IFP status while incarcerated are subject to additional requirements under the Prison Litigation Reform Act, ("PLRA"). See 28 U.S.C. § 1915(b). Although Plaintiff was in jail when he commenced this action, it appears that he had been released from custody, and was no longer a prisoner, by the time he filed his appeal. Therefore, the PLRA is not applicable here.

FILED JUN 25 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In the instant case, Plaintiff's IFP application shows that he is not employed, and that his only income is a $200 per month disability benefit. The application also indicates that he has no real assets of any kind. Based on the information set forth in Plaintiff's IFP application, the Court finds that he is financially eligible for IFP status.

Although the Court remains fully satisfied that Plaintiff's complaint was properly dismissed, the Court does not find his claims to be legally "frivolous," as that term has been defined by the Supreme Court. Therefore, Plaintiff's appeal is found to be taken in "good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 22), is GRANTED.

Dated: June 25, 2001

RICHARD H. KYLE
United States District Court Judge